Scott M. Petersen, #7599
**FABIAN VANCOTT**
215 South State Street, Ste. 1200
Salt Lake City, Utah 84151
Telephone: (801) 531-8900
spetersen@fabianvancott.com

*Attorney for Defendants*

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| D.K., K.K. and A.K.,<br><br>　　　　　　Plaintiffs,<br><br>-against-<br><br>UNITED BEHAVIORAL HEALTH and ALCATEL-LUCENT MEDICAL EXPENSE PLAN FOR ACTIVE MANAGEMENT EMPLOYEES,<br><br>　　　　　　Defendants. | **Civil No.: 2:17-cv-01328-DAK**<br><br>**DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER VENUE TO THE DISTRICT OF NEW JERSEY**<br><br>**JUDGE DALE A. KIMBALL** |

## **TABLE OF CONTENTS**

Page

RELIEF SOUGHT AND SPECIFIC GROUNDS ........................................................................... 1

FACTUAL BACKGROUND ........................................................................................................ 2

PROCEDURAL HISTORY ........................................................................................................... 3

ARGUMENT ................................................................................................................................. 4

    POINT I

    THIS ACTION SHOULD BE DISMISSED OR TRANSFERRED TO THE DISTRICT OF NEW JERSEY BECAUSE NONE OF THE CLAIMS OR PARTIES TO THIS CASE HAS ANY RELATIONSHIP WITH, OR NEXUS TO, THE STATE OF UTAH OR THIS DISTRICT ........................................................................................................................ 4

        A.    This Action Should Be Dismissed Due To Improper Venue ................................. 5

        B.    In The Alternative To Dismissal, This Action Should Be Transferred To The District of New Jersey ............................................................................................ 7

            i.    This Action Could Have, And Should Have, Been Brought In The District of New Jersey ............................................................................................ 8

            ii.    In The Interest of Justice, This Court Should Transfer This Case To The District of New Jersey ............................................................................... 8

CONCLUSION ............................................................................................................................ 11

# **TABLE OF AUTHORITIES**

Page

**Cases**

*Bristol-Myers Squibb Co. v. Superior Court*,
   137 S. Ct. 1773 (2017)……………………………………………………………………….6

*Chrysler Credit Corp. v. Country Chrysler, Inc.*,
   928 F.2d 1509 (10th Cir. 1991) ................................................................................................ 8

*Danny P. v. Catholic Health Initiatives*,
   No. 1:14-cv-00022-DN, 2015 U.S. Dist. LEXIS 4613 (D. Utah Jan. 13, 2015) .................. 9, 10

*Hertz Corp. v. Friend*,
   130 S.Ct. 1181 (2010)……………………………………………………………………..6

*IHC Health Servs. v. Eskaton Props.*,
   No. 2:16-cv-3-DN, 2016 U.S. Dist. LEXIS 124848 (D. Utah Sept. 13, 2016) .................. 5, 6, 9

*Island View Residential Treatment v. Permanente*,
   No. 1:09-cv-3, 2009 U.S. Dist. LEXIS 74400 (D. Utah Aug. 21, 2009).............................. 9, 10

*Jon N. v. Blue Cross Blue Shield of Mass., Inc.,*
   No. 1:07-cv-137-DAK, 2008 U.S. Dist. LEXIS 35464 (D. Utah Apr. 29, 2008) ........... 6, 7, 10

*Peay v. BellSouth Medical Assistance Plan*,
   205 F.3d 1206 (10th Cir. 2000) ................................................................................................ 6

*Pierce v. Shorty Small's of Branson,*
   137 F.3d 1190 (10th Cir. 1998) ................................................................................................ 5

*Todd R. v. Premera Blue Cross Blue Shield,*
   2:17-cv-01041-JLR, 2017 U.S. Dist. LEXIS 107309 (D. Utah July 7, 2017) ........................... 5

**Statutes**

Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 *et seq.* ("ERISA") ........... 1

28 U.S.C. §1404(a) ................................................................................................ 1, 2, 7, 8

ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B) ........................................................................ 3

ERISA §502(e)(2), 29 U.S.C. §1132(e)(2) ...................................................................... 2, 4, 5, 8

**Rules**

Rule 12(b)(3), FED. R. CIV. P. ................................................................................................ 1, 2, 4, 6

## **RELIEF SOUGHT AND SPECIFIC GROUNDS**

Defendants United Behavioral Health ("UBH") and Nokia Medical Expense Plan for Management Employees, sued herein as Alcatel-Lucent Medical Expense Plan for Active Management Employees (the "Plan," and, together with UBH, "Defendants"), respectfully move the Court, pursuant to Rule 12(b)(3), FED. R. CIV. P., for an order dismissing plaintiffs' D.K., K.K. and A.K.'s (together, "Plaintiffs") Second Amended Complaint (the "Second Amended Complaint") (Doc. No. 19) on the ground of improper venue, or, in the alternative, for an order transferring the venue of this action to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §1404(a).

In this action, Plaintiffs seek an award of benefits under an employee welfare benefit plan (*i.e.,* the Plan) governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 *et seq.* ("ERISA"). Specifically, Plaintiffs, who are residents of Texas, allege that Defendants wrongfully denied Plaintiffs' claim for benefits under the Plan, which is located and administered in New Jersey, in connection with Plaintiff A.K.'s treatment at a Utah residential treatment facility "from February 9, 2014 forward."

As more fully discussed below, this action does not belong in this District and must be either dismissed or transferred to the United States District Court for the District of New Jersey because none of the claims or parties to this case have any relationship with or nexus to the State of Utah and this District. Indeed, the only connections to Utah are Plaintiffs' counsel's office location in Salt Lake City, as well as Plaintiffs' allegation that A.K.'s treatment was provided in Utah and that "UBH has a claim processing center in Utah." By contrast, neither Plaintiff is a resident of Utah – by their own admission, Plaintiffs are residents of Texas. (Sec. Am. Compl., ¶1.) Similarly, Defendant UBH is a resident of California and the Plan is located and administered in New Jersey. Pursuant to ERISA's express venue provision, Plaintiffs were

required to bring this action "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found…" ERISA §502(e)(2), 29 U.S.C. §1132(e)(2).  Since the District of Utah is not one of the enumerated districts for placement of venue under ERISA based on the relevant facts alleged in Plaintiffs' Second Amended Complaint, this action is not properly venued in this District.

Accordingly, pursuant to Rule 12(b)(3), FED. R. CIV. P., this Court should dismiss this action based on improper venue.  In the alternative, pursuant to 28 U.S.C. §1404(a), this Court should order that this action be transferred to the United States District Court for the District of New Jersey, where Plaintiffs should have originally commenced this case.

## FACTUAL BACKGROUND

Plaintiffs allege in their Second Amended Complaint that they are residents of Texas. (Sec. Am. Compl., ¶1.)  At all relevant times, Plaintiff D.K. was a participant in the Plan and his daughter, Plaintiff A.K., was a beneficiary of the Plan.  (*Id.*, ¶ 3.)  Plaintiffs admit that the Plan is an employee welfare benefits plan governed by ERISA.  (*Id.*).

Benefits under the portion of the Plan covering D.K. and A.K. are self-funded by Nokia of America Corporation ("Nokia"), formerly known as Alcatel-Lucent USA Inc.  (Sec. Am. Compl., ¶¶2-3; Declaration of Ingrid Orav dated June 8, 2018 ("Orav Decl."), ¶¶4-5, Ex. A, UBH 000001-000329.)  The Plan, whose name was changed as of January 1, 2017 from "Alcatel-Lucent Medical Plan for Management Employees" to "Nokia Medical Expense Plan for Management Employees," is located and administered in New Jersey.  (*Id.*, ¶6, Ex. A, UBH 000124, 000326.) Claims for mental health benefits under the Plan are administered by Defendant UBH, which is a corporation organized under the laws of the State of California. (Sec. Am. Compl., ¶5; Declaration of Scott M. Petersen dated July 16, 2018, Ex. A.)

4

Plaintiffs allege that Plaintiff A.K. "received medical care and treatment in Utah at Discovery Ranch for Girls ('Discovery')," which "provides residential treatment for adolescent girls with mental health conditions." (Sec. Am. Compl., ¶6.) As alleged in the Second Amended Complaint, A.K. was admitted to Discovery on November 4, 2013. (*Id*., ¶25.) Defendants approved and paid Plaintiffs' claims for benefits in connection with A.K.'s treatment at Discovery through February 8, 2014 and denied Plaintiffs' claims for benefits "from February 9, 2014 forward." (*Id.*, ¶26.) As alleged in the Second Amended Complaint, Plaintiff A.K. "completed her treatment at Discovery and was discharged" on November 10, 2014. (*Id*., ¶36.)

Following exhaustion of the available internal administrative appeals, Plaintiffs requested and obtained an external review of their claim for benefits. (*Id*., ¶¶43-53.) The external reviewer upheld Defendants' denial of coverage under the Plan for A.K.'s treatment at Discovery from February 9, 2014 forward, finding that A.K.'s treatment was not medically necessary under the terms of the Plan. (*Id*., ¶54.) Thereafter, Plaintiffs brought this action pursuant to ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B), seeking an order awarding them benefits under the Plan "in an amount exceeding $87,000.00," as well as interest, attorneys' fees and costs. (*Id*., at ¶¶57-61.) Plaintiffs have also alleged a claim for violation of the Mental Health Parity and Addiction Equity Act ("MHPAEA") and the Patient Protection and Affordable Care Act ("ACA") under ERISA §502(a)(3), 29 U.S.C. §1132(a)(3), based on Defendants' denial of Plaintiffs' claim for benefits under the Plan. (*Id*., ¶¶62-71.)

## PROCEDURAL HISTORY

Plaintiffs commenced this action by filing a Complaint on December 29, 2017. (Doc. No. 2.) Thereafter, on April 24, 2018, before Defendants responded to the Complaint, Plaintiffs filed their First Amended Complaint. (Doc. No. 11.) By an Order dated May 9, 2018, this Court granted the parties' stipulated joint motion extending Defendants' deadline to respond to the

5

First Amended Complaint to June 8, 2018.  (Doc. No. 14.)  On June 7, 2018, before Defendants responded to the First Amended Complaint, Plaintiffs filed a motion for leave to file a Second Amended Complaint.  (Doc. No. 15.)  Plaintiffs' motion was based on "their desire to more fully and thoroughly articulate their allegation that, among other things, the Defendants have violated the [MHPAEA] in denying coverage for A.K.'s medical treatment."  (*Id.*)  On July 2, 2018, this Court granted Plaintiffs' motion. (Doc. No. 18.)  Thereafter, on July 3, 2018, Plaintiffs filed their Second Amended Complaint, adding a Second Cause of Action for violation of MHPAEA and ACA under ERISA §502(a)(3), 29 U.S.C. §1132(a)(3).  (Doc. No. 19.)  Pursuant to the Court's Order dated June 12, 2018, Defendants' deadline to respond to the Second Amended Complaint was extended to fourteen days following the Court's ruling on Plaintiffs' motion for leave to file a Second Amended Complaint.  (Doc. No. 12.) Therefore, Defendants have timely filed and served this Motion.

## ARGUMENT

### POINT I
### THIS ACTION SHOULD BE DISMISSED OR TRANSFERRED TO THE DISTRICT OF NEW JERSEY BECAUSE NONE OF THE CLAIMS OR PARTIES TO THIS CASE HAS ANY RELATIONSHIP WITH, OR NEXUS TO, THE STATE OF UTAH OR THIS DISTRICT

ERISA's venue provision, ERISA §502(e)(2), 29 U.S.C. §1132(e)(2), expressly limits where a claimant may file an action seeking benefits under ERISA §502.  Specifically, ERISA §502(e)(2), 29 U.S.C. §1132(e)(2) provides that an action seeking benefits "may be brought in the district where the plan is administered, where the breach took place, or where the defendant resides or may be found."  Here, Plaintiffs cannot establish that they properly brought this ERISA action in this District under ERISA §502(e)(2), 29 U.S.C. §1132(e)(2) because none of the claims or parties to this case have any relationship with, or nexus to, the State of Utah or this

District.  Accordingly, this action should be dismissed or transferred to the United States District Court for the District of New Jersey, where the Plan is located and administered.

A.     **This Action Should Be Dismissed Due To Improper Venue**

28 U.S.C. §1406(a) provides that the "district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss or if it be in the interest of justice, transfer such a case to any district or division in which it could have been brought."  A defendant may raise a defense of improper venue by a motion to dismiss pursuant to Rule 12(b)(3), FED. R. CIV. P.  On a motion to dismiss under Rule 12(b)(3), the plaintiff bears the burden of proving that venue in this district is proper.  *See Pierce v. Shorty Small's of Branson,* 137 F.3d 1190, 1192 (10th Cir. 1998).

As noted above, Plaintiffs were required to comply with ERISA's venue provision, which expressly limits where a claimant can file an action seeking benefits under ERISA §502.  Specifically, ERISA §502(e)(2), 29 U.S.C. §1132(e)(2), provides that an action seeking benefits may only be brought in the district (1) "where the plan is administered;" (2) "where the breach took place;" or (3) "where the defendant resides or may be found."

Here, Plaintiffs cannot establish that they properly brought this ERISA action in this District.  First, as a matter of law, a Plan is administered in the district where it is "managed." *IHC Health Servs. v. Eskaton Props.*, No. 2:16-cv-3-DN, 2016 U.S. Dist. LEXIS 124848, *10 (D. Utah Sept. 13, 2016); *see also Todd R. v. Premera Blue Cross Blue Shield,* 2:17-cv-01041-JLR, 2017 U.S. Dist. LEXIS 107309 (D. Utah July 7, 2017) (holding that the plan is administered in the state of Washington, where the plan administrator is headquartered and incorporated).  Here, at all relevant times, the Plan was located and managed in New Jersey. (*See* Orav Decl., ¶6, Ex. A, UBH 000124.)  Therefore, at all relevant times, the Plan was administered in New Jersey and Plaintiffs' allegation that "UBH has a claim processing center in

Utah" (Sec. Am. Compl., ¶8) is patently insufficient to meet their burden of proving that venue in this District is proper. *See, e.g., Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1782 (2017) (holding that California courts cannot claim specific jurisdiction over defendant -- a large pharmaceutical company incorporated in Delaware and headquartered in New York that engages in business in other states, including California -- when plaintiffs are not California residents and "all the conduct giving rise to [plaintiffs'] claims occurred elsewhere"); *Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1192-93 (2010) (holding that, even though Hertz Corporation conducts business activities in California, it is not a resident of California for jurisdictional purposes because its "center of direction, control, and coordination, its 'nerve center,'" is at its corporate headquarters in New Jersey).

Second, it is well-established in this Circuit that "the breach occurs at the place where the policy holder resides and would have received benefits." *Jon N. v. Blue Cross Blue Shield of Mass., Inc.,* No. 1:07-cv-137-DAK, 2008 U.S. Dist. LEXIS 35464, *8 (D. Utah Apr. 29, 2008); *see also IHC Health Servs.,* 2016 U.S. Dist. LEXIS 124848, *10 ("[t]he place is the location where the payment is to be made, even though the services may have been provided at an out-of-state location") (internal citation and quotation marks omitted). Here, at all relevant times, Plaintiff D.K., who was a Plan participant, was a resident of Texas, and so were Plaintiffs K.K. and A.K. (Sec. Am. Compl., ¶¶1, 3.) Therefore, any purported breach occurred in Texas and not in Utah.

Third, in order to be "found" in a district, the Defendants must have "sufficient contacts" with Utah such that the District of Utah's exercise of jurisdiction over the Defendants in this case comports with due process. *See Peay v. BellSouth Medical Assistance Plan*, 205 F.3d 1206 (10th Cir. 2000); *IHC Health Servs*., 2016 U.S. Dist. LEXIS 124848, **12-18. Here, the District of

8

Utah's exercise of jurisdiction over the Defendants does not comport with due process because there has been no purposeful activity in this District with respect to the Plan's administration. Other than alleging that A.K.'s treatment was rendered in Utah and that "UBH has a claim processing center in Utah" (Sec. Am. Compl., ¶¶6, 8), Plaintiffs have not alleged that any benefit payments in connection with the Plan were sent to this District, that any contributions to the Plan were sent from this District, or that the Plan was administered in this District.  Moreover, the Plan is located and administered in New Jersey.  (*See* Orav Decl., ¶6, Ex. A, UBH 000124.)  In addition, Plaintiffs do not allege that any of them were ever residents of Utah.  In this regard, Plaintiffs' allegation that  the medical treatment for which they seek benefits was rendered in Utah is demonstrably insufficient for the District of Utah's exercise of jurisdiction over the Defendants.  *See, e.g., Jon N.,* 2008 U.S. Dist. LEXIS 35464, *9 (granting motion to dismiss and holding that "[i]t is fundamentally unfair to proceed with the case in Utah when there are no ties to this state," although the treatment was rendered there).  Based on those facts, it would be fundamentally unfair to proceed with this action in this District.  *See id.* ("While ERISA may allow for national service of process, that was not intended to provide a vehicle for all plaintiffs nationwide to bring their claims in any district they deem most favorable").

      Accordingly, there is no valid basis to establish that venue is proper here and the Court should therefore dismiss this action pursuant to Rule 12(b)(3), FED. R. CIV. P.

**B.**      **In The Alternative To Dismissal, This Action Should Be Transferred To The District of New Jersey**

      To the extent this Court determines that dismissal is not appropriate in this instance, it is respectfully requested that, in the interest of justice, this action be transferred to the United States District Court for the District of New Jersey, where this action should have originally been brought.  28 U.S.C. §1404(a) provides that "[f]or the convenience of the parties and witnesses, in

9

the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." A party moving to transfer a case bears the burden of showing that Section 1404(a)'s standards have been met. *See Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515-16 (10th Cir. 1991).

     i.    <u>This Action Could Have, And Should Have, Been Brought In The District of New Jersey</u>

As discussed in detail above, an action seeking benefits under ERISA §502(a) may be brought "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." ERISA §502(e)(2); 29 U.S.C. §1132(e)(2). Accordingly, Plaintiffs here could have (and should have) brought this action in the District of New Jersey, where the Plan is located and administered. Since Plaintiffs could have brought this action in the United States District Court for the District of New Jersey, this Court must also determine whether, in the interest of justice, it is the more appropriate venue given the specific circumstances of this case.

     ii.    <u>In The Interest of Justice, This Court Should Transfer This Case To The District of New Jersey</u>

In deciding whether a case should be transferred to another venue in the interest of justice, courts in the Tenth Circuit generally consider the following factors:

> [T]he plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; [and] the advantage of having a local court determine questions of local law.

*Chrysler Credit Corp.,* 928 F.2d at 1516.

10

Here, all of the foregoing factors weigh in favor of the transfer of this action to the United States District Court for the District of New Jersey. As an initial matter, Plaintiffs' choice of forum is not entitled deference as a matter of law because this forum has no connection to the operative facts of the lawsuit. *See IHC Health Servs.*, 2016 U.S. Dist. LEXIS 124848, *21 ("the plaintiff's choice of forum has less force if the forum has little connection with the operative facts of the lawsuit") (internal citation and quotation marks omitted). This forum is not Plaintiffs' home district. (*See* Sec. Am. Compl., ¶1.) Furthermore, as discussed in Point I(A), *supra*, the operative facts have no connection to this District. Accordingly, this Court should not give Plaintiffs' choice of forum any deference. *See, e.g., IHC Health Servs.*, 2016 U.S. Dist. LEXIS 124848, *21 (granting motion to transfer venue where "Utah lacks any significant connection with the operative facts of this case other than the fact that [the treatment was rendered there]);" *Island View Residential Treatment v. Permanente*, No. 1:09-cv-3, 2009 U.S. Dist. LEXIS 74400, *7 (D. Utah Aug. 21, 2009) (granting motion to transfer venue where, although treatment was rendered in Utah, the alleged breaches occurred in "a jurisdiction other than Utah," the plan was not administered in the Utah, the decisions regarding coverage were not made in Utah, and none of the parties to the action were located in Utah); *Danny P. v. Catholic Health Initiatives*, No. 1:14-cv-00022-DN, 2015 U.S. Dist. LEXIS 4613, *8 (D. Utah Jan. 13, 2015) (granting motion to transfer venue where, although treatment was rendered in Utah, the plan was not administered in Utah, the decisions regarding coverage were not made in Utah, and none of the parties were located in Utah).

In addition, factors such as "the accessibility of witnesses and other sources of proof" and "the cost of making the necessary proof" do not weigh in favor of keeping this action venued in this District because, as the Plan is not administered and has no connection to Utah, any relevant

11

documents and witnesses are not located in Utah. *See Island View,* 2009 U.S. Dist. LEXIS 74400, *9 (granting motion to transfer the case to the Northern District of California where "[t]he relevant documents are not located in Utah and witnesses, if any discovery is to be conducted, are not in Utah"). In addition, as noted by the court in *Jon N.*, "the convenience of the witnesses is not a factor in this case because it is an ERISA case that will be decided without the need for discovery." 2008 U.S. Dist. LEXIS 35464, *9.[1]

Moreover, factors such as "questions as to the enforceability of a judgment if one is obtained, relative advantages and obstacles to a fair trial, [and] difficulties that may arise from congested dockets" also do not lend any support to keeping this action venued in this District. It belies logic that a judgment against the Defendants would be more easily enforceable in Utah, with which Defendants have no contacts, instead of New Jersey, where the Plan is located and administered. Also, Defendants respectfully submit that having this action venued in the District of New Jersey would not provide Plaintiffs with any obstacles to a fair and efficacious trial.[2]

Finally, factors such as "the possibility of the existence of questions arising in the area of conflict of laws" and "the advantage of having a local court determine questions of local law," to the extent applicable, weigh in favor of transferring this action to the United States District Court for the District of New Jersey, as the Plan is located and administered there.

---

[1] While Plaintiffs' counsel's offices are located in Salt Lake City, Utah, convenience of counsel is not considered "to be a relevant factor" for purposes of a motion to transfer venue. *Danny P.,* 2015 U.S. Dist. LEXIS 4613, *10.

[2] Plaintiffs allege that they "believe that the likelihood of maintaining [A.K.'s] privacy is increased by bringing their claim in Utah." (Sec. Am. Compl., ¶8.) Taking that allegation at face value, there is no allegation in the Second Amended Complaint that A.K.'s privacy would somehow be compromised should this action be venued in New Jersey, as neither A.K. nor any of the other Plaintiffs are residents of New Jersey. (Sec. Am. Compl., ¶1.)

**CONCLUSION**

For the foregoing reasons, Defendants respectfully submit that this Court should grant Defendants' motion to dismiss Plaintiffs' Second Amended Complaint on the ground of improper venue or, in the alternative, transfer venue of this case to the United States District Court for the District of New Jersey.

Dated this 16th day of July, 2018.

/s/Scott M. Petersen
Scott M. Petersen
FABIAN VANCOTT

*Attorney for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify on this 16th day of July, 2018, that I caused a true and correct copy of the foregoing document to be delivered via the Court's electronic filing system to the following:

Brian S. King
Nediha Hadzikadunic
BRIAN S. KING, P.C.
336 South 300 East, Suite 200
Salt Lake City, Utah 84111
brian@briansking.com
nediha@briansking.com

/s/ Scott M. Petersen