IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| D.K., K.K. and A.K.,<br><br>Plaintiffs,<br>v.<br><br>UNITED BEHAVIORAL HEALTH and ALCATEL-LUCENT MEDICAL EXPENSE PLAN FOR ACTIVE MANAGEMENT EMPLOYEES,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:17-cv-01328<br><br>District Judge Dale A. Kimball |

Defendants United Behavioral Health ("UBH") and Nokia Medical Expense Plan for Management Employees move the court for an order dismissing Plaintiffs' D.K., K.K. and A.K.'s (Plaintiffs') claims on the grounds of improper venue, or in the alternative to transfer this action to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1404(a). On October 15, 2018, the court held a hearing on the motion. At the hearing, the Plaintiffs were represented by Brian King. Defendants were represented by Scott Peterson. The court took the motion under advisement. Based on the briefing filed by the parties and the law and facts relevant to the pending motion, the court issues the following Memorandum Decision and Order DENYING the Defendants' Motion in its entirety.

## FACTUAL BACKGROUND

Plaintiffs brought this action seeking an award of benefits under an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001. Plaintiffs, who are residents of Texas, allege that Defendants wrongfully denied

1

Plaintiffs' claim for benefits under the Plan in connection with Plaintiff A.K.'s treatment at a Utah residential treatment facility.

Plaintiff A.K. received medical care and treatment in Utah at Discovery Ranch for Girls ("Discovery"), which provides residential treatment for adolescent girls with mental health conditions. A.K. was admitted to Discovery on November 4, 2013. Defendants paid Plaintiffs' claims for benefits in connection with A.K.'s treatment at Discovery through February 8, 2014 and denied Plaintiffs' claims for benefits from February 9, 2014 forward.

Following exhaustion of the available internal administrative appeals, Plaintiffs requested and obtained an external review of their claim for benefits. The external reviewer upheld Defendants' denial of coverage under the Plan for A.K.'s treatment at Discovery from February 9, 2014 forward, finding that A.K.'s treatment was not medically necessary under the terms of the Plan. Plaintiffs brought this action pursuant to ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B), seeking an order awarding them benefits under the Plan in an amount exceeding $87,000, as well as interest, attorneys' fees and costs. Plaintiffs also allege claims for violations of the Mental Health Parity and Addiction Equity Act and the Patient Protection and Affordable Care Act and the Patient Protection and Affordable Care Act under ERISA §502(a)(3), 29 U.S.C. §1132(a)(3), based on Defendants' denial of Plaintiffs' claim for benefits under the Plan.

Defendants brought this motion to transfer venue arguing that it has insufficient contacts to Utah to establish venue in the state. The only connections to Utah in this case are that A.K.'s treatment was provided in Utah, and UBH has a Utah P.O. Box where it directed Plaintiffs to submit their claims. Plaintiffs are residents of Texas and UBH is a resident of California. The Plan is located and administered in New Jersey.

## DISCUSSION

UBH makes two arguments in its motion. UBH argues that it has insufficient contacts to the State of Utah to satisfy the Fifth Amendments due process requirements. Alternatively, it argues that even if venue is proper, the court should transfer this case to New Jersey because it is a more convenient forum.

**1. Venue is Proper in Utah Because UBH Can Be Found in the Forum.**

ERISA's venue provision, ERISA §502(e)(2), 29 U.S.C. §1132(e)(2), expressly limits where a claimant may file an action seeking benefits under ERISA §502. Those sections provide that an action seeking benefits "may be brought in the district where the plan is administered, where the breach took place, or where the defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found."

A plan is administered in the district where it is "managed." *IHC Health Servs. v. Eskaton props.*, No. 2:16-cv-3-DN, *10 (D. Utah 2016). Here, the Plan was located and managed in New Jersey.

It is also well-established that "the breach occurs at the place where the policy holder resides and would have received benefits." *Jon N. v. Blue Cross Blue Shield of Mass., Inc.*, No. 1:07-cv-137-DAK, 2008 U.S. Dist. LEXIS 35464, *8 (D. Utah 2008). Here, Plaintiff D.K., who was a Plan participant, was a resident of Texas, as well as Plaintiffs K.K. and A.K. Therefore, any purported breach occurred in Texas and not in Utah.

29 U.S.C. §1132(e)(2) also allows jurisdiction "in any district where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found." The 10th Circuit held in *Peay v. BellSouth Medical Assistance Plan*, that "the last clause of §1132(e)(2) authorizes nationwide service of process. When a federal statute

provides nationwide service of process, it becomes the statutory basis for personal jurisdiction." 205 F.3d 1206, 1210 (10th 2000). The 10th Circuit reasoned that "provided due process is satisfied, §1132(e)(2) confers jurisdiction over defendants by authorizing service of process on them." *Id*.

The Supreme Court has held that "due process under the Fourteenth Amendment requires that maintenance of [a] suit … not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)." "A defendant is deemed to have fair warning if it has purposefully directed [its] activities at residents of the forum." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472 (1985). "To establish that jurisdiction does not comport with Fifth Amendment due process principles, a defendant must first demonstrate that his liberty interests have actually been infringed. The burden is on the defendant to show that the exercise of jurisdiction in the chosen forum will make litigation so gravely difficult and inconvenient that [it is] unfairly at a severe disadvantage in comparison to [its] opponent." *Peay*, 205 F.3d at 1212. The 10th Circuit emphasized that "it is only in highly unusual cases that inconvenience will rise to a level of constitutional concern." *Id*.

Here, the only issue is whether the Defendant has sufficient contacts to comport with the Fifth Amendments due process requirements. UBH argues that although it directed the plaintiffs to send their claims to a Utah P.O. Box, the claims were never processed in Utah. UBH therefore argues that its only connection to the forum state is a P.O. Box, and that is insufficient to satisfy the Fifth Amendment's due process requirements.[1] The court disagrees. The 10th Circuit has applied ERISA's nationwide service of process and jurisdiction provision broadly and only limits

---

[1] The Defendant submitted a declaration from Denise Strait, the Vice President of Behavioral Claims Operations at UBH, that stated "United Healthcare has a regional mail office in Salt Lake City, Utah, but "does not have any commercial benefit claim processing or appeals operations in the State of Utah."

jurisdiction in accordance with constitutional due process rights. The defendant is deemed to have fair warning if it has purposefully directed its activities to residents of the forum. UBH directed the Plaintiffs to file their claims and to direct their appeals to the Utah mailing address. Although the claims may not have been processed in Utah, UBH directed the Plaintiffs to send their claims to that address. The Plaintiffs do not have knowledge of UBH's internal procedures for processing claims. Because UBH purposefully directed its activities at the forum state by instructing claimants to send and appeal their claims to a Utah address, due process is satisfied. Accordingly, UBH's Motion to Dismiss for Improper Venue is DENIED.

**2. Utah is an Appropriate Forum.**

UBH argues that even if venue is proper in Utah, nonetheless, the court should transfer the case to New Jersey because it is a more convenient forum. 28 U.S.C. §1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." A party moving to transfer a case bears the burden of showing that Section 1404(a)'s standards have been met. *See Chrysler Credit Corp. v. Country Chrysler, Inc*., 928 F.2d 1509, 1515-16 (10th Cir. 1991).

In deciding whether a case should be transferred to another venue in the interest of justice, courts in the Tenth Circuit generally consider the following factors:

> [T]he plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; [and] the advantage of having a local court determine questions of local law.

*Chrysler Credit Corp*., 928 F.2d at 1516.

The Tenth Circuit has repeatedly held that "[u]nless the balance is strongly in favor of the movant, plaintiff's choice of forum should rarely be disturbed." *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992).

UBH argues that the administration of the Plan in this case has no connection to the District of Utah, and asserts that, any relevant documents and witnesses are not located in Utah. UBH has not identified specific witnesses or other advantages of litigating in New Jersey that would justify transferring the case away from the plaintiff's choice of forum.

In ERISA benefit denial cases, the scope of the Court's review is generally limited to the Record compiled by the Plan, insurer, or claims administrator based on the information exchanged between the parties. The Record is typically produced by defendants to plaintiffs in electronic format. The factors outlined in *Chrysler Credit Corp.*, 928 F.2d at 1516, either do not apply to this case or do not weigh in favor of transferring venue. Defendants have not met their burden of establishing with evidence the level of inconvenience necessary to disturb the Plaintiffs' choice of forum. Accordingly, the Motion to Transfer Venue is DENIED.

## CONCLUSION

The court therefore DENIES Defendants' Motion to Dismiss or Alternatively to Transfer in its entirety. (Dkt. No. 20).

Dated this 24th day of October, 2018.

BY THE COURT:

_____
DALE A. KIMBALL,
United States District Judge