## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| D.K., K.K, and A.K., | MEMORANDUM DECISION AND ORDER |
| **Plaintiffs,** | |
| v. | **Case No. 2:17-cv-01328-DAK-JCB** |
| **UNITED BEHAVIORAL HEALTH and ALCATEL-LUCENT MEDICAL EXPENSE PLAN FOR ACTIVE MANAGEMENT EMPLOYEES,** | |
| **Defendants.** | **District Judge Dale A. Kimball** |
| | **Magistrate Judge Jared C. Bennett** |

This case was referred to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C.

§ 636(b)(1)(A).[1]  Due to Judge Warner's retirement, this case is now referred to Magistrate Judge

Jared C. Bennett.[2]  Before the court are: (1) Plaintiffs D.K., K.K., and A.K's (collectively,

"Plaintiffs") Motion for Leave to Conduct Discovery;[3] and (2) the parties' Stipulated Motion to

Stay Amended Scheduling Order.[4]  The court has carefully reviewed the written memoranda

submitted by the parties.  Under DUCivR 7-1(f), the court has concluded that oral argument is

not necessary and, therefore, decides the motions on the written memoranda.

---

[1] ECF No. 61.

[2] ECF No. 67.

[3] ECF No. 64.

[4] ECF No. 68.

## RELEVANT BACKGROUND

Plaintiffs' third amended complaint asserts a cause of action under the Employee Retirement Income Security Act and a cause of action under the Mental Health Parity and Addiction Equity Act ("Parity Act").[5]  Defendants United Behavioral Health ("UBH") and the Nokia Medical Expense Plan for Management Employees (formerly Alcatel-Lucent Medical Expense Plan for Active Management Employees) ("Plan") (collectively, "Defendants") moved to dismiss, among other things, Plaintiffs' Parity Act claim.[6]

In a Memorandum Decision and Order dated January 17, 2020 ("January 17 Order"), Judge Kimball denied the dismissal of the Parity Act claim.[7]  In the final portion of his analysis denying dismissal, Judge Kimball stated:

> As a final matter, "[t]he nature of Parity Act claims is that they generally require further discovery to evaluate whether there is a disparity between the availability of treatments for mental health and substance abuse disorders and treatment for medical/surgical conditions."  It is for that reason that "[c]ourts in this jurisdiction favor permitting Parity Act claims to proceed to discovery to obtain evidence regarding a properly pleaded coverage disparity."[8]

Thereafter, Plaintiffs filed their Motion for Leave to Conduct Discovery.[9]  In the discovery requests that are disputed in the instant motion, Plaintiffs seek from January 1, 2013 to the present: (1) information about Defendants' administration of medical/surgical claims;

---

[5] ECF No. 39.

[6] ECF No. 42.

[7] ECF No. 59.

[8] *Id*. at 10 (citations omitted) (alterations in original).

[9] ECF No. 64.

(2) information about residential treatment coverage criteria; (3) information that Defendants

claim is confidential, proprietary, and business-sensitive; (4) information about hospice care

coverage criteria; and (5) information about the processing of claims for certain types of

programs/facilities and about policies and plans unrelated to the Plan.  Defendants oppose

Plaintiffs' motion.[10]  The parties later filed their Stipulated Motion to Stay Amended Scheduling

Order.[11]

<u>**ANALYSIS**</u>

Based upon the following analysis, the court grants in part and denies in part Plaintiffs'

Motion for Leave to Conduct Discovery.  Accordingly, the parties' Stipulated Motion to Stay

Amended Scheduling Order is also granted in part and denied in part.  Each motion is addressed

in turn below.

**I.      Plaintiffs' Motion for Leave to Conduct Discovery**

Plaintiffs contend that discovery is appropriate on their Parity Act claim and that the

discovery they seek is relevant to that claim.  The court agrees that discovery is appropriate on

Plaintiffs' Parity Act claim.  Additionally, with one exception, the court agrees that the discovery

Plaintiffs seek is relevant and proportional.  Below is the analysis for both rulings.

**A.      Discovery Is Appropriate on Plaintiffs' Parity Act Claim.**

Defendants argue that discovery is inappropriate on Plaintiffs' Parity Act claim.

However, in the January 17 Order, Judge Kimball clearly stated that discovery was appropriate

---

[10] ECF No. 65.

[11] ECF No. 68.

and necessary on that claim.  Thus, Defendants' argument on this point must fail.  Consistent with the January 17 Order, discovery will be permitted on Plaintiffs' Parity Act claim.

> **B.      With One Exception, the Discovery Plaintiffs Seek Is Relevant and Proportional.**

In response to Plaintiffs' motion, Defendants argue that Plaintiffs' requested discovery is neither relevant nor proportional to the needs of the case.  Fed. R. Civ. P. 26(b)(1).  Specifically, Defendants contend: (1) UBH cannot respond to discovery concerning the administration of medical/surgical claims; (2) Plaintiffs seek information for an impermissibly broad and disproportional timeframe; (3) Defendants should not be required to respond to discovery requests about residential treatment coverage criteria because that information has already been produced in the administrative record; (4) Defendants should not be required to respond to discovery requests that seek confidential, proprietary, and business-sensitive information that is intended for internal use only; (5) Plaintiffs are not entitled to discovery on the topic of hospice care; and (6) Plaintiffs are not entitled to discovery on certain types of programs/facilities or on policies and plans unrelated to the Plan.  The court addresses each argument below.

> **1.      The Plan Can Respond to Discovery Concerning the Administration of Medical/Surgical Claims.**

Defendants contend that they cannot respond to any discovery directed at the administration of medical/surgical claims because UBH administers only the Plan's mental health and chemical dependency claims and, therefore, does not have any documents or information concerning the administration of medical/surgical claims.  However, Plaintiffs correctly note that the proposed discovery related to medical/surgical claims is directed not only at UBH, but also the Plan.  Importantly, Defendants do not argue that the Plan is unable to

4

respond to the proposed discovery on medical/surgical claims.  Furthermore, according to

Plaintiffs, the Plan provides benefits for mental health and substance abuse claims, as well as

medical/surgical claims.  Thus, the court concludes that the Plan can respond to the discovery

related to medical/surgical claims.[12]

### 2. Plaintiffs Have Agreed to Limit Discovery to Defendants' Requested Timeframe.

Defendants argue that Plaintiffs' request for discovery from January 1, 2013, to the

present is impermissibly broad and not proportional to the needs of the case because the

residential treatment at issue in this case occurred in 2014.  In their reply, Plaintiffs have agreed

to limit their discovery requests to the timeframe of 2014 to the present.  Because the parties

appear to agree on the appropriate timeframe, the court orders production based on the

agreed-upon timeframe.

### 3. Defendants Can Reference the Administrative Record for Any Discovery Requests for Residential Treatment Coverage Criteria.

Defendants assert that they should not be required to respond to discovery requests about

the residential treatment coverage criteria UHB used to review Plaintiffs' claim for benefits

because such information has already been produced in the administrative record.  In their reply,

Plaintiffs do not respond to Defendants' argument.  Nevertheless, the court will allow the

discovery requests on this topic.  However, if relevant documents have already been produced in

---

[12] Defendants also argue in a footnote that the coverage guidelines for medical/surgical claims
have always been available to Plaintiffs by way of the Plan's website.  That argument is without
merit.  As Plaintiffs correctly argue, while such information may be available through the Plan's
current website, that does not mean that those coverage guidelines were in place during the time
that the claim at issue in this lawsuit was evaluated.

the administrative record, Defendants may simply reference the relevant portions of the administrative record in their response(s).

### 4.      Defendants Can Produce Any Sensitive Information Under the Court's Standard Protective Order.

Defendants maintain that several of Plaintiffs' discovery requests seek confidential, proprietary, and business-sensitive information that is intended for internal use only.  Although that may be true, it is not a reason to refuse to produce responsive information.  For any such information, Defendants can produce it with an appropriate designation under the court's standard protective order, which is applicable to all civil cases in this court.  DUCivR 26-2.

### 5.      Plaintiffs Are Entitled to Discovery on the Topic of Hospice Care.

Some of Plaintiffs' discovery requests seek information about hospice care coverage criteria.  Defendants contend that hospice care is not analogous to the type of care at issue in this case (*i.e.*, residential treatment for mental health and substance abuse issues).  As such, Defendants contend they should not be required to respond to any discovery requests on the topic of hospice care.

In their reply, Plaintiffs point to persuasive authority indicating that, for a Parity Act claim, the appropriate comparison for identifying analogous levels of care between mental health/substance use disorders and medical/surgical treatment is not the type of care, but rather whether the care involved inpatient benefits versus outpatient benefits.[13]  Plaintiffs further contend that any care falling in the intermediate range between inpatient and outpatient should be compared regardless of the type of care.  Accordingly, Plaintiffs assert that discovery related to

---

[13] ECF No. 66 at 6-7.

hospice care is relevant because both hospice care and the type of care at issue in this case are in an intermediate range between inpatient and outpatient.

The court is persuaded by and, therefore, adopts Plaintiffs' arguments.  Accordingly, discovery on the issue of hospice care will be allowed.

> 6.     **Plaintiffs Fail to Demonstrate That They Are Entitled to Discovery on Certain Types of Programs/Facilities or on Unrelated Policies or Plans.**

Some of Plaintiffs' discovery requests seek information about the processing of claims for outdoor behavioral healthcare programs, wilderness programs, transitional living programs, or other sub-acute inpatient treatment facilities or programs for mental health or substance use disorders.  Other of Plaintiffs' discovery requests seek information not just about the Plan but also about coverage determinations under other policies and plans for which UBH is acting as a third-party administrator.  Defendants contend that discovery requests on those topics are impermissibly broad and do not seek relevant or proportional information.

Importantly, Plaintiffs' reply does not address Defendants' arguments on those points.  As such, the court is left to conclude that Plaintiffs have tacitly admitted that these discovery requests do not seek relevant or proportional information.  Because the court cannot and will not make arguments on Plaintiffs' behalf, the discovery requests on these topics will not be allowed.

## II.     **Stipulated Motion to Stay Amended Scheduling Order**

In this motion, the parties contend that the amended scheduling order should be stayed until the court rules on Plaintiffs' Motion for Leave to Conduct Discovery.  The parties request that they be permitted to submit a proposed scheduling order to the court on or before December 15, 2020.

Given that the court has now ruled on Plaintiffs' Motion for Leave to Conduct Discovery, it is unnecessary for the parties to wait until their proposed date to submit a proposed scheduling order. Accordingly, the parties' motion is granted in part and denied in part. The amended scheduling order is hereby stayed, but the parties must submit a proposed scheduling order to the court within 14 days of the date of this order.

### ORDER

In summary, IT IS HEREBY ORDERED:

1.    Plaintiffs' Motion for Leave to Conduct Discovery[14] is GRANTED IN PART and DENIED IN PART.

2.    The parties' Stipulated Motion to Stay Amended Scheduling Order[15] is GRANTED IN PART and DENIED IN PART. The parties shall submit a proposed scheduling order to the court within 14 days of the date of this order.

IT IS SO ORDERED.

DATED July 22, 2020.

BY THE COURT:

_____
JARED C. BENNETT
United States Magistrate Judge

---

[14] ECF No. 64.

[15] ECF No. 68.