IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| D.K. and A.K.,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>UNITED BEHAVIORAL HEALTH and ALCATEL-LUCENT MEDICAL EXPENSE PLAN for ACTIVE MANAGEMENT EMPLOYEES,<br><br>　　　　Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART BENEFIT AWARD, PREJUDGMENT INTEREST, ATTORNEY FEES, AND COSTS**<br><br>Case No. 2:17-CV-01328-DAK<br><br>Judge Dale A. Kimball |

　　　　This matter is before the court on Plaintiff's Motion for entering Judgment for Benefit Award and awarding Prejudgment Interest, Attorney Fees, and Costs, pursuant to the court's Memorandum Decision and Order in this case (ECF No. 96) and based on 29 U.S.C. §1132(g)(1), F.R.Civ.P. 54(d), DUCivR 54, and DUCivR 7-1. The court does not believe that a hearing will significantly aid in its determination of this motion. The court, therefore, renders the following Memorandum Decision and Order based on the materials submitted by the parties.

## DISCUSSION

　　　　In the court's Memorandum Decision and order dated June 22, 2021, the court granted the Plaintiffs' Motion for Summary Judgment as to their first cause of action brought under 29 U.S.C. §1132(a)(1)(B) alleging wrongful denial of ERISA benefits. In light of this decision, Plaintiffs seek the amount of the benefits at issue, an award of prejudgment interest on those benefits, an award of attorney fees under 29 U.S.C. §1132(g)(1), and reimbursement of their

1

allowable costs under 28 U.S.C. §§1920 and 1924 in the amount of $400 as the filing fee for this case.

The award of the benefits at issue in this case, sought by Plaintiffs, is not disputed by Defendants. The agreed upon amount of these benefits has been presented to the court by both Plaintiffs and Defendants as $88,505. In accordance with the court's Memorandum Decision (ECF No. 96), the $88,505 is recoverable by Plaintiffs.

Plaintiffs additionally seek prejudgment interest on the recoverable benefits at issue, as well as attorney fees and costs. Defendants object to both requests. The court addresses these disputes as follows.

**A. Prejudgment Interest on Benefits**

It is well-established in the 10th Circuit that "[a]n award of prejudgment interest in an ERISA case is . . . within the district court's discretion." *LaAsmar v. Phelps Dodge Corp. Life, Accidental Death & Dismemberment & Dependent Life Ins. Plan*, 605 F.3d 789, 816 (10th Cir. 2010). Plaintiffs and Defendants agree on this point. In this case, the court chooses to use its discretion to grant prejudgment interest to Plaintiffs. The court does so in order to make Plaintiffs whole for the loss of income from monies that Plaintiffs were forced to expend that the Defendants should have paid in the first place.

Plaintiffs argue that the proper percentage per annum for prejudgment interest in ERISA cases is 10% under the Utah law on prejudgment interest rates for written contracts, U.C.A. § 15-1-1(2). Plaintiffs assert that the 10% per annum rate is appropriate compensation, as well as a small measure of equitable disgorgement from the benefit plan to reflect that Defendants wrongfully retained the benefit of funds that Defendants should not have retained. Defendants disagree. Defendants assert that, if prejudgment interest is awarded, the percentage per annum

should reflect what Plaintiffs would have made had they kept their funds in the financial markets during the time period at issue. However, Plaintiffs have demonstrated that there is a pattern in Utah district court ERISA cases where benefits were wrongfully denied to award, under U.C.A. § 15-1-1(2), 10% prejudgment interest per annum (ECF No. 100, fn. 9). The court finds this persuasive. The court awards to Plaintiffs prejudgment interest on the wrongfully denied benefits at the rate of 10% per annum, beginning on February 9, 2014 when coverage was first denied.

### B. Attorney Fees and Costs

Under ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(a), the court may "in its discretion" allow "a reasonable attorney's fee and costs of action to either party." In *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 254 (2010), the Supreme Court clarifies that there are limits to the court's discretion. The statute's language means that a litigant need not be the prevailing party to reasonably obtain an award of attorney fees, but merely must have achieved "some degree of success on the merits." *Id*. at 252, 255. A reversal of a denied claim is sufficient success to justify an award of fees. *Id*. at 255-256.

In *Hardt*, the Supreme Court also discusses the application of the well-accepted "five-factor" test from *DeBoard v. Sunshine Mining & Refining Co.*, 208 F.3d 1228, 1244 (10th Cir. 2000), that has been used to determine whether or not an award of fees in ERISA cases is appropriate. *Hardt* states: "Because these five factors bear no obvious relation to §1132(g)(1)'s text or to our fee-shifting jurisprudence, they are *not required* for channeling a court's discretion when awarding fees under this section. 560 U.S. at 254-255 (emphasis added). Therefore, the court does not need to use the "five-factor" test from *DeBoard* to determine whether attorney fees are appropriate in this case. The court instead relies on *Hardt* to decide that Plaintiffs'

success on the merits of the first action, which constituted a reversal of denied benefits, is sufficient to qualify for an award of attorney fees and costs.

The court's decision would not be different if the "five-factor" test were applied in this case. The five factors that *DeBoard* states a court should consider, when deciding whether to exercise its discretion to award fees in ERISA cases, are as follows:

1. the degree of the offending party's culpability or bad faith;
2. the degree of the ability of the offending party to satisfy an award of attorney's fees;
3. whether or not an award of attorney's fees against the offending party would deter other persons acting under similar circumstances;
4. the amount of the benefit conferred on members of the plan as a whole; and
5. the relative merits of the parties' positions. 208 F.3d 1228, 1244 (10th Cir. 2000).

In this case, the first factor is satisfied by Defendants' culpability from their abuse of discretion in denying D.K's claim. The second factor is satisfied by Defendants' substantial ability to pay – a fact that is acknowledged by both Plaintiffs and Defendants. The third factor is satisfied because the court believes that awarding attorney fees and costs will deter insurers and other benefit plans from violating ERISA and the terms of employee benefit plans under similar circumstances. While the fourth factor is not strong in this case, an award of attorney fees and costs would still have a beneficial effect in this area of law. Therefore, the members of the plan as a whole would be benefited, and the factor is satisfied. Finally, the fifth factor is satisfied because D.K. prevailed in his goal of reversing the denial of his claim by the Defendants.

The court is awarding attorney fees and costs to Plaintiffs. Pursuant to the provisions of 28 U.S.C. §§1920 and 1924, the $400 filing fee is recoverable as costs in this case. The court awards Plaintiffs this $400 filing fee.

To determine the amount of attorney fees to award, the court uses the "hybrid lodestar" method – the method that the Supreme Court has decided is appropriate to determine attorney fees in ERISA cases. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The hybrid lodestar

method requires that the court multiply the "number of hours reasonably expended on the litigation by a reasonable hourly rate." *Id*. The court then reviews the billing records and excludes any amounts it determines are "excessive, redundant, or otherwise unnecessary." *Id*. at 434. The court now applies the hybrid lodestar method for calculating attorney fees in this case as follows.

1. *Reasonable Hourly Rates*

The party seeking an award of attorney fees bears the burden of producing "satisfactory evidence . . . that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation. *Blum v. Stenson*, 465 U.S. 886, 896, n. 11 (1984). Plaintiffs' requested rate for Brian King is $600 per hour – an amount that Plaintiffs assert is his customary rate for his services in ERISA cases. Plaintiffs' requested rate for Sam Hall, the assisting associate attorney, is $250 per hour. Defendants have no issue with Sam Hall's requested rate, but object to Brian King's requested rate because they believe it is unreasonable and out-of-line with rates for similar services in Salt Lake City. Defendants request that Mr. King's rate be reduced to $450 per hour – a rate that is consistent with prevailing hourly rates for partners in the relevant community of Salt Lake City.

Plaintiffs assert that the court should look to national rates to establish a standard rate for specialties that draw on federal statutes or bodies of law, such as ERISA. Plaintiffs rely heavily on a number of cases from other circuits and district courts across the nation holding that a national rate is appropriate for ERISA cases (ECF No. 100, at 8). Defendants counter that courts in this district have rejected this national rate argument, and therefore the court should use the prevailing market rate for partners in Salt Lake City instead (ECF No. 106, at 10).

The court agrees with Defendants. This district generally uses a relevant market analysis when determining attorney fees in ERISA cases. See *James C. v. Aetna Health & Life Ins. Co.*, No. 2:18-c-v-00717, 2021 U.S. Dist. LEXIS 4216, at *3 (D. Utah Jan. 8, 2021); *Carlile*, 2019 U.S. Dist. LEXIS 228481, at *1; *Foust*, 2019 U.S. Dist. LEXIS 202915, at *4. Earlier this year, a court in this district found that $450 was a reasonable hourly rate for Mr. King. *James C.*, 2021 U.S. Dist. LEXIS 4216, at *3. This court agrees.

Given Mr. King's experience and the complexity of ERISA cases, $450 per hour is a reasonable rate for Mr. King.

2. *Number of Hours Reasonably Expended on the Litigation*

Plaintiffs have submitted time sheets with the number of hours billed for Mr. King and Mr. Hall in the King Declaration and the Hall Declaration (ECF No. 100; Exs. C-D). Defendants have no qualm with Mr. Hall's time sheet, but argue that the hours billed by Mr. King for drafting are excessive because the documents are similar to those he creates in other cases. The court finds this unpersuasive. Upon reviewing the time sheet submitted by Mr. King, the court finds the that his time entries for this case are reasonable. Therefore, Mr. King's 80.4 billed hours and Mr. Hall's 35.1 billed hours are reasonable.

3. *Appropriate Lodestar*

Based on the analysis above, the court uses the hybrid lodestar method to calculate the following lodestar amount for this matter. Brian King: 80.4 hours at $450 per hour = $36,180. Sam Hall: 35.1 hours at $250 per hour = $8,775. Therefore, the court finds a total lodestar amount for attorney fees of $44,955.

**Conclusion**

Based on the above reasoning, Plaintiff's Motion is GRANTED IN PART and DENIED IN PART. The court reduces Plaintiffs' requested award for attorney fees and ORDERS Defendants to pay Plaintiffs $88,505 in recoverable benefits, 10% per annum in prejudgment interest, $44,955 in attorney fees, and $400 in costs.

DATED this 7th day of September, 2021.

BY THE COURT:

*[signature: Dale A. Kimball]*

DALE A. KIMBALL
United States District Judge