Brian S. King, #4610
Samuel M. Hall, #16066
Brent J. Newton, #6950
**BRIAN S. KING, P.C.**
420 E. South Temple, Suite 420
Salt Lake City, UT 84111
Telephone: (801) 532-1739
Facsimile: (801) 532-1936
brian@briansking.com
samuel@briansking.com
brent@briansking.com

Attorneys for Plaintiffs

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| D.K. and K.K., <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED BEHAVIORAL HEALTH and ALCATEL-LUCENT MEDICAL EXPENSE PLAN for ACTIVE MANAGEMENT EMPLOYEES, <br><br> Defendants. | PLAINTIFFS' MOTION FOR AWARD OF THEIR APPELLATE ATTORNEY FEES <br><br> Civil No. 2:17-cv-01328 DAK |

Plaintiffs, through their undersigned counsel, and pursuant to 29 U.S.C. §1132(g), federal rule of appellate procedure 39, and 10th Cir. R. 39.2(B), hereby move the Court for an award of their appellate attorneys' fees pursuant to the Tenth Circuit's judgment[1] upholding this Court's decision on the merits of Defendants United Behavioral Health ("United") and the Alcatel-Lucent Medical Expanse Plan for Active Management Employees' (the "Plan's") appeal.

//

---

[1] *See* ECF Doc. 118-1.

1

**ARGUMENT**

I. **RELEVANT PROVISIONS OF ERISA PROVIDE FOR AND SUPPORT AWARDING APPELLATE FEES TO PLAINTIFFS.**

The relevant statutory provision, 29 U.S.C. § 1132(g)(1), states: "In any action . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." The Tenth Circuit Court of Appeals has observed that other courts have commonly held this section "permits recovery of attorney's fees in connection with both trial court litigation and appellate litigation."[2] When considering such an award, "courts should evaluate 1) the degree of the opposing parties' culpability or bad faith; 2) the opposing parties' ability to satisfy a fee award; 3) whether a fee award would deter similar conduct; 4) whether the party requesting fees sought to benefit all plan participants and beneficiaries or resolve a significant legal question under ERISA; and 5) the relevant merits of the parties' positions."[3]

Here, this Court has already concluded that these factors weigh in favor of awarding attorney fees to Plaintiffs after their initial victory on dispositive briefing against Defendants.[4] Discussing the same five-factor test, the Court determined that:

> In this case, the first factor is satisfied by Defendants' culpability from their abuse of discretion in denying D.K's claim. The second factor is satisfied by Defendants' substantial ability to pay – a fact that is acknowledged by both Plaintiffs and Defendants. The third factor is satisfied because the court believes that awarding attorney fees and costs will deter insurers and other benefit plans from violating ERISA and the terms of employee benefit plans under similar circumstances. While the fourth factor is not strong in this case, an award of attorney fees and costs would still have a beneficial effect in this area of law. Therefore, the members of the

---

[2] *Stachmus v. Guardian Life Ins. Co.*, 853 Fed. Appx. 268, 274 (10th Cir. 2021) (citation and internal quotation marks omitted).
[3] *Id.* (citation and internal quotation marks omitted).
[4] *See* ECF Doc. No. 111.

2

> plan as a whole would be benefited, and the factor is satisfied.
> Finally, the fifth factor is satisfied because D.K. prevailed in his
> goal of reversing the denial of his claim by the Defendants.[5]

Defendants appealed this Court's determination that Defendants' denials were arbitrary and capricious and further appealed the Court's determination directing benefits to pay the denied benefits to Plaintiffs.[6] After briefing and oral argument, the Tenth Circuit affirmed both of this Court's determinations.[7] Defendants then requested panel reconsideration or *en banc* review, which the Tenth Circuit denied.[8]

Accordingly, Plaintiffs request their appellate attorney fees for the same reasons this Court identified in awarding fees for the trial court litigation. Defendants abused their discretion by denying Plaintiffs' claims, are able to pay the fee award, and can be deterred from similar conduct through an award of attorneys' fees. Further, the legal question resolved in this case concerns ERISA administrators' obligation to respond to information submitted to them by ERISA plan participants and beneficiaries appealing claims denials, which inarguably has a beneficial impact in clarifying and advancing the law related to such claims. The importance of the issues to the parties in the case are reflected by the fact that the Department of Labor filed an amicus curiae brief in support of the Plaintiffs' position and the ERISA Industry Committee filed an amicus curiae brief in support of the position of the Defendants. The Finally, the fifth factor is satisfied because Plaintiffs have unequivocally prevailed on appeal.[9]

For the foregoing reasons, Plaintiffs ask that the Court award their reasonable attorneys' fees and costs for this action. Itemized calculations of those fees are attached as part of the

---

[5] *Id*. at 4.
[6] *See* ECF Doc. No. 118-1 ([the Tenth Circuit's/this Court's] Judgment resolving Defendants' appeals).
[7] *See generally* ECF Doc. No. 118, 118-1, and 118-2.
[8] *See generally id*.
[9] *See generally* ECF Doc. No. 118-1.

Second Declaration of Brian S. King attached as Exhibit A. to this Motion. The total amount of attorney fees the Plaintiffs seek in this Motion is $85,950.

DATED this 11th day of August, 2023.

/s/ Brian S. King
UT State Bar #4610

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing motion has been served to all parties registered to receive Court notices via the Court's CM/ECF System.

Dated this 11th day of August, 2023.

s/ Brian S. King