IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| D.K. AND A.K., <br><br> Plaintiff, <br><br> v. <br><br> UNITED BEHAVIORAL HEALTH AND ALCATEL-LUCENT MEDICAL EXPENSE PLAN FOR ACTIVE MANAGEMENT EMPLOYEES, <br> Defendant. | MEMORANDUM DECISION AND ORDER <br><br> Case No. 2:17-CV-01328-DAK <br><br> Judge Dale A. Kimball |

This matter is before the court on Plaintiffs' Motion for Attorneys' Fees pursuant to 29 U.S.C. § 1132(g), Federal Rule of Appellate Procedure 39, and 10th Cir. R. 39.2(B). The court does not believe that a hearing will significantly aid in its determination of the motion. The court, therefore, renders the following Memorandum Decision and Order based on the materials submitted by the parties.

## BACKGROUND

On June 22, 2021, the court entered judgment in favor of Plaintiffs' Motion for Summary Judgment [ECF No. 96]. After this, Plaintiffs brought a Motion for entering Judgment for Benefit Award and awarding Prejudgment Interest, Attorney Fees, and Costs [ECF No. 100]. The court Granted this motion in part and Denied it in part. Specifically, the court reduced Plaintiffs' requested award for attorney fees and ordered Defendants to pay Plaintiffs $88,505 in recoverable benefits, 10% per annum in prejudgment interest, $44,955 in attorney fees, and $400 in costs.

Defendants appealed both decisions, and on August 9, 2023, the 10th Circuit issued a Mandate affirming both this court's grant of Plaintiffs' Motion for Summary Judgment and its

order of benefits [ECF No. 118].  Plaintiffs then filed a Motion for Attorney Fees related to the appellate litigation [ECF No. 119]. Based on the time counsel spent on the appeal, Plaintiffs seek $85,950 in attorneys' fees.

In response, Defendants filed an Opposition to Plaintiffs' Motion for Award of Their Appellate Attorney Fees [ECF No. 120]. Defendants argue that this court lacks jurisdiction to issue an award of appeal-related attorneys' fees because Plaintiffs did not seek attorneys' fees on appeal. Furthermore, Defendants argue that even if this court does have jurisdiction, Plaintiffs are not entitled to the fees they seek because the amount of time billed by their counsel is unreasonable and the rates charged by Plaintiffs' counsel greatly exceed the prevailing hourly rates charged by attorneys practicing in the District of Utah.

## DISCUSSION

**A. This Court Has Jurisdiction to Award Appellate-Related Attorneys' Fees**

Defendants' argument that this court does not have jurisdiction to award appeal-related attorneys' fees is unpersuasive. To support this argument, Defendants rely on the 10th Circuit case *Hoyt v. Robson Companies, Inc.*, which held that the district court did not have jurisdiction to award appeal-related attorney's fees. *Hoyt v. Robson Companies, Inc.*, 11 F.3d 983, 985 (10th Cir. 1993). In *Hoyt*, the district court entered a final judgment for the plaintiffs, awarding them damages, attorneys' fees, and prejudgment interest. *Id*. at 984. Defendants appealed the district court's judgment. *Id*. In defending the appeal, plaintiffs "failed to request appeal-related attorneys' fees." *Id*. After the appeal was decided, plaintiffs applied for attorneys' fees in the district court. *Id*. The district court denied plaintiffs' application for appeal-related attorneys' fees, explaining that "it lacked jurisdiction to either 'amend or alter' the judgment of the Tenth Circuit Courts of Appeals or independently consider [plaintiffs'] application," so it could not

2

award appeal-related attorneys' fees. *Id*. The Tenth Circuit affirmed, noting its "long-standing tradition of considering appellate-level attorneys' fees only following a proper application to [the Tenth Circuit] in conjunction with the underlying appeal." *Id*. at 985.

Defendants argue that the facts here are strikingly similar to the facts of *Hoyt*. Like in *Hoyt*, the court issued an order and judgment for Plaintiffs, awarding them Plan benefits, attorneys' fees, and prejudgment interest [ECF No. 97, 111)]. Following Defendants' appeal, the Tenth Circuit affirmed this court's judgment and order [ECF No. 112, 118]. In the Tenth Circuit proceeding, Plaintiffs did not request appeal-related attorneys' fees, and the Tenth Circuit's decision did not award appeal-related attorneys' fees to Plaintiffs. Thus, on its face, the facts here seem almost identical to those in *Hoyt*. However, Defendants' argument fails to recognize that *Hoyt* did not involve a request for attorneys' fees under §1132(g)(1) or involve ERISA claims.

29 U.S.C. §1132(g)(1) states: "In any action . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorneys' fee and costs of action to either party." This statute grants district courts broad discretion in awarding attorney's fees in connection with trial court litigation and appellate litigation. *Schwartz v. Gregori*¸160 F.3d 1116, 1118 (6th Cir. 1998); *also see Micha v. Sun Life Assurance of Canada, Inc.*, 874 F.3d 1052, 1055 (9th Cir. 2017); *Buckley v. Slocum Dickson Medical Group, PLLC*, 111 F.Supp.3d 218, 221 (N.D.N.Y. 2015); *Stachmus v. Guardian Life Ins. Co.*, 853 Fed. Appx. 268, 274 (10th Cir. 2021). For these reasons, this court has jurisdiction to award appellate-related attorneys' fees in this case.

B. **29 U.S.C. §1132(g)(1) Factors**

When considering an award under §1132(g), the district court evaluates the following factors: 1) the degree of the opposing parties' culpability or bad faith; 2) the opposing parties'

3

ability to satisfy a fee award; 3) whether a fee award would deter similar conduct; 4) whether the party requesting fees sought to benefit all plan participants and beneficiaries or resolve a significant legal question under ERISA; and 5) the relevant merits of the parties' positions. *Id*.

This court has already concluded that these factors weigh in favor of awarding attorneys' fees to Plaintiffs. The same reasoning that this court applied previously applies here. The first factor is satisfied by Defendants' culpability from their abuse of discretion in denying D.K.'s claim. The second factor is satisfied by Defendants' ability to pay. The third factor is satisfied because the court believes that awarding appellate-related fees and costs will deter insurers and other benefit plans from violating ERISA and the terms of employee benefit plans under similar circumstances. In regards to the fourth factor, an award of appellate-related attorney fees will have a beneficial effect in this area of the law and benefit plan participants and beneficiaries. Finally, the fifth factor is satisfied because D.K. prevailed in his defense of the appeal and succeeded in his goal of reversing the denial of his claim by Defendants. Thus, Plaintiffs are entitled to the reasonable attorneys' fees related to the appeal.

### C. Calculation of Attorneys' Fees

To determine the amount of attorneys' fees to award, the court uses the "hybrid lodestar" method. *Hensley v. Eckherhart*, 461 U.S. 424, 433 (1983). This method requires that the court multiply the "number of hours reasonably expended on the litigation by a reasonable hourly rate." *Id*. The court then reviews the billing records and excludes any amounts that it determines are "excessive, redundant, or otherwise unnecessary." *Id*. The court applies the hybrid lodestar method for calculating attorneys' fees in this case as follows.

1. *Amount of Time Billed*

Plaintiffs have submitted time sheets with the number of hours billed for Mr. King and

Ms. Peterson in the Second Declaration of Brian S. King [ECF No. 119-1]. Defendants argue that the hours billed by Mr. King and Ms. Peterson are excessive because (1) Ms. Peterson spent 5.4 hours reviewing the Federal Rules of Appellate Procedure and drafting a motion to extend; (2) Ms. Peterson billed 14.1 hours for doing clerical work that a non-attorney employee could have performed; (3) 5.8 hours were spent by Plaintiffs remedying their own mistake; and (4) Mr. King billed 3.2 for discussing and emailing about Plaintiff's severance agreement, which is not subject to this lawsuit [ECF No. 119-1].

      The court finds the first three arguments unpersuasive. The 10th Circuit affirmed Plaintiffs on appeal, so the time Ms. Peterson spent researching and drafting was warranted and effective. Moreover, whether a firm chooses to have an attorney or a non-attorney employee engage in clerical work, such as edits, has to do with their preferences and is within their discretion. Finally, mistakes are an expected and anticipated part of the litigation process, as is the time taken to remedy them. Thus, the billing time allotted toward remedying a mistake is not unreasonable.

      However, the 3.2 hours that Mr. King spent discussing and emailing about Plaintiffs' severance agreement are unreasonable. The severance agreement is not subject to this lawsuit. Because it is not subject to this lawsuit, Defendants cannot be held responsible for the fees and costs associated with those services.

      In sum, the court determines that the number of hours that Mr. King and Ms. Peterson billed, except for the 3.2 hours that Mr. King spent working on Plaintiffs' severance agreement, were reasonable. Therefore, Ms. Peterson's 178.1 billed hours and 51 of Mr. King's billed hours are reasonable. This amounts to a total of 229.1 billed hours.

2. *Reasonable Hourly Rates*

The party seeking an award of attorney fees bears the burden of producing "satisfactory evidence . . . that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 896, n. 11 (1984). This district generally uses a relevant market analysis when determining attorney fees in ERISA cases. *See James C. v. Aetna Health & Life Ins. Co.*, No. 2:18-cv-00717, 2021 U.S. Dist. LEXIS 4216, at *3 (D. Utah Jan. 8, 2021). Plaintiffs' requested rate for Brian King is $600 per hour – an amount that Plaintiff asserts is his customary rate for his services in ERISA cases. Plaintiffs' requested rate for Tara Peterson, an associate, is $300 per hour. Defendants object to both rates because they believe they are unreasonable and higher than the rates that this court previously designated as reasonable [ECF No. 111].

This court previously determined that $450 per hour is a reasonable rate for Mr. King, and $250 per hour is a reasonable rate for his associate [ECF No. 111]. This court reaffirms its previous determination and holds that $450 per hour is a reasonable rate for Mr. King and $250 per hour is a reasonable rate for Ms. Peterson.

3. *Appropriate Lodestar*

Based on the analysis above, the court uses the hybrid lodestar method to calculate the following amount for this matter. Mr. King: 51 hours at $450 per hour = $22,950. Ms. Peterson: 178.1 hours at $250 per hour = $44,525. Therefore, the court finds a total amount of attorneys' fees of $67,475.

## CONCLUSION

Based on the above reasoning, Plaintiff's Motion is GRANTED IN PART and DENIED IN PART. The court reduces Plaintiffs' requested award for attorneys' fees and ORDERS Defendants to pay $67,475 in attorneys' fees.

Dated this 3rd day of October 2023.

BY THE COURT:

_____

DALE A. KIMBALL

United States District Judge